UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

Donald J. Napolitano, and
Bonnie S. Napolitano,
f/d/b/a Cross Lake Park Campgrounds,

           Debtors.

Case No. 09-30269
Chapter 7

Appearances:

Robert B. Ribarovski, Esq.
Attorney for Donald J. and Bonnie S. Napolitano
One Lincoln Center, Suite 1010
Syracuse NY 13202

James F. Evans III, Esq.
Robert P. Rothman, P.C.
Attorneys for Community General Hospital of Greater Syracuse, Inc.
120 East Washington Street, Suite 107
Syracuse, NY 13202

Teresa Sadutto-Carley, Esq.
Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP
Attorneys for Federated Financial Corporation/Advanta Bank Corp.
1065 Avenue of the Americas, 18th Floor
New York, NY 10018

Hon. Margaret Cangilos-Ruiz, U.S. Bankruptcy Judge

## MEMORANDUM-DECISION

Before the court is a motion filed by Donald J. Napolitano and Bonnie S. Napolitano, f/d/b/a Cross Lake Park Campgrounds, ("Debtors") for an order avoiding judicial liens pursuant to section 522(f) of the United States Bankruptcy Code.[1] The court has core jurisdiction over this matter pursuant to 28 U.S.C. sections 1334 and 157(b)(2)(K). This memorandum-decision incorporates the court's findings of fact and conclusions of law as permitted by Federal Rule of

---

[1] 11 U.S.C. §§ 101–1532 (2009) ("Code").

1

Bankruptcy Procedure 7052, made applicable by Federal Rule of Bankruptcy Procedure 9014. For the following reasons, Debtor's motion is granted in part and denied in part.

Debtors filed a chapter 7 petition on February 10, 2009. On Schedule A, Debtors listed their residence, located at 1165 Powerhouse Road, Memphis, New York 13112, as having a value of $159,877.00. On Schedule C, each of the Debtors claimed a $50,000.00 homestead exemption, for a total homestead exemption of $100,000.00. On Schedule D, Debtors listed a mortgage lien against the property held by Wells Fargo Home Mortgage ("Wells Fargo") in the amount of $36,842.00.

Debtors seek to avoid six judicial liens in their entirety.[2] According to Debtors' affidavit and judgment inquiry from the Onondaga County Clerk's Office, the following six judicial liens resulting from judgments against Debtors have been recorded:

| Date Recorded | Judicial Lien Creditor | Amount |
| --- | --- | --- |
| November 10, 2004 | Community General Hospital of Greater Syracuse, Inc. | $ 1,500.66 |
| October 3, 2006 | Chase Bank, USA, NA | $ 7,563.06 |
| August 27, 2007 | Persolve, Inc. | $ 4,172.03 |
| January 31, 2008 | Federated Financial Corp./Advanta Bank Corp. | $ 6,965.58 |
| June 10, 2008 | Worldwide Asset Purchasing, LLC | $10,616.28 |
| September 26, 2008 | Capital One Bank USA, NA | $ 3,551.06 |

(Debtors' Mem. Supp. Ex. A ¶ 2 and Ex. B.)

A money judgment bears interest from the date of its entry at an annual rate of nine percent. N.Y. C.P.L.R. §§ 5003–5004. Applying the statutory rate of interest and assuming no payments, the judgment balances as of the date of filing would be as follows:

| Judicial Lien Creditor | Amount as of 2/10/2009 |
| --- | --- |
| Community General Hospital of Greater Syracuse, Inc. | $ 2,165.33 |

---

[2] Debtors' motion also sought to avoid a seventh judicial lien held by Auburn Memorial Hospital in an unknown amount recorded in the Onondaga County Clerk's Office on February 20, 1992. At the hearing held on March 19, 2009, Debtors' counsel indicated that the Auburn Memorial Hospital lien was not included in his calculations. Moreover, the lien terminated on February 20, 2002, ten years after the filing of the judgment. *See* N.Y. C.P.L.R. § 5203(a). Accordingly, the court will not consider the Auburn Memorial Hospital judicial lien in its analysis.

2

| | |
|---|---|
| Chase Bank, USA, NA | $ 9,267.93 |
| Persolve, Inc. | $ 4,731.51 |
| Federated Financial Corp./Advanta Bank Corp. | $ 7,612.22 |
| Worldwide Asset Purchasing, LLC | $11,248.49 |
| Capital One Bank USA, NA | $ 3,667.80 |

See N.Y. C.P.L.R. §§ 5003–5004.

Community General Hospital of Greater Syracuse, Inc. ("Community General Hospital") objected to Debtors' motion on March 4, 2009, and Federated Financial Corporation/Advanta Bank Corp. ("Federated Financial") objected on March 16, 2009. At the hearing held on March 19, 2009, Community General Hospital stated that it had received payments on its judicial lien, and that the judgment balance was $1,885.00 as of the date of its objection. Federated Financial stated that it had received no payments. In their affidavit, Debtors stated that they had made no voluntary payments toward the judgment balances and that none of the judgments had been satisfied, but did not provide any information regarding any involuntary payments. (Debtors' Mem. Supp. Ex. A ¶ 4.) Accordingly, the court accepts the balance provided by Community General Hospital as of March 4, 2009, and as of the date of filing calculates the judgment balances as follows:

| Date Recorded | Judicial Lien Creditor | Amount as of 2/10/2009 |
|---|---|---|
| November 10, 2004 | Community General Hospital | $ 1,875.24 |
| October 3, 2006 | Chase Bank, USA, NA | $ 9,267.93 |
| August 27, 2007 | Persolve, Inc. | $ 4,731.51 |
| January 31, 2008 | Federated Financial | $ 7,612.22 |
| June 10, 2008 | Worldwide Asset Purchasing, LLC | $11,248.49 |
| September 26, 2008 | Capital One Bank USA, NA | $ 3,667.80 |

Code section 522(f) was amended in 1994 to read, in pertinent part:

(1) Notwithstanding any waiver of exemptions . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
    (A) a judicial lien . . ..
(2)

> (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
> > (i) the lien;
> > (ii) all other liens on the property; and
> > (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> 
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.
> 
> (B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

11 U.S.C. § 522(f).

Without taking into account statutory interest and the judgment balance as of March 4, 2009, provided by Community General Hospital, Debtors applied the formula expressed in Code section 522(f)(2)(A) to the judicial liens held by the two objecting judicial lien creditors, Community General Hospital and Federated Financial, as follows:

> Community [General Hospital]:
> 
> a) $1,500.66 (the Community [General Hospital] lien) plus $69,710.01 (all other liens on property) plus $100,000.00 (amount of Debtors' homestead exemption) equals $171,210.67 (sum of liens plus exemption),
> b) $159,877.00 (value of Debtors' interest in property),
> c) $171,210.67 (sum of liens plus exemption) minus $159,877.00 (value of Debtors' interest in property) equals $11,333.67 (extent to which Community [General Hospital] lien impairs Debtors' exemption).
> 
> Federated [Financial]:
> 
> a) $6,965.58 (the Federated [Financial] lien) plus $64,245.09 (all other liens on property) plus $100,000.00 (amount of Debtors' homestead exemption) equals $171,210.67 (sum of liens plus exemption),
> b) $159,877.00 (value of Debtors' interest in property),
> c) $171,210.67 (sum of liens plus exemption) minus $159,877.00 (value of Debtors' interest in property) equals $11,333.67 (extent to which Federated [Financial] lien impairs Debtors' exemption).

(Debtors' Mem. Supp. at 3.)

Debtors incorrectly applied the formula simultaneously to the Community General Hospital and Federated Financial judicial liens. In calculating the Community General Hospital lien, Debtors list a total of $69,710.01 for "all other liens on property." This includes the Federated Financial lien in addition to the four other judicial liens and the mortgage lien. In calculating the Federated Financial lien, Debtors list a total of $64,245.09 for "all other liens on property," which includes the Community General Hospital lien in addition to the four other judicial liens and the mortgage lien. In other words, both Debtors' calculations of "all other liens on property" include the five other judicial liens as well as the mortgage lien. This application of the formula fails to take into account Code section 522(f)(2)(B), which requires that, in the case of a property subject to multiple judicial liens, a lien that has been avoided shall not be considered in making the calculation with respect to other liens. 11 U.S.C. § 522(f)(2)(B). In order to comply with Code section 522(f)(2)(b), the formula must be applied consecutively, avoiding one lien at a time.

Although the formula makes no explicit reference to the priority position of any of the liens included in the calculation, the iterative nature of the formula, as defined under Code section 522(f)(2)(B) for property subject to more than one lien, implicitly requires a determination of the relative priorities of the judicial liens. *Dolan v. D.A.N. Joint Venture (In re Dolan)*, 230 B.R. 642, 647 (Bankr. D. Conn. 1999). Courts purporting to apply the formula literally have implicitly recognized the priority order of liens established under state law by applying the formula consecutively, starting with the most junior of the judicial liens and avoiding one lien at a time, until the formula indicates no further impairment. *Id. See also Bank of America Nat'l Trust & Savings Ass'n v. Hanger (In re Hanger)*, 217 B.R. 592, 595 (B.A.P. 9th Cir. 1997) ("Applying the formula requires that the liens be subtracted in order of reverse

priority . . ..").  If the formula yields a negative number as to the judicial lien in question, the lien is avoided, but only to that extent.  *See In re Fox*, 353 B.R. 388, 393 (Bankr. D. Conn. 2006) (collecting cases).

Debtors cite to *In re Kolich*, 273 B.R. 199 (B.A.P. 8th Cir. 2002), for the proposition that the priority order of liens established by state law has no bearing on Code section 522(f), which does not look to or depend upon state law. (Debtors' Mem. Supp. at 5–6.) However, the court in *Kolich* did not consider the relative priorities of multiple judicial liens, as there was only one judicial lien to be avoided in that case. *Kolich*, 273 B.R. at 201. Rather, the court in *Kolich* found that the plain meaning of "all other liens on the property" under Code section 522(f)(2)(A)(ii) requires the inclusion of a consensual lien junior to the judicial lien to be avoided, even though such inclusion would upset the state law priority position of the judicial lien creditor. *Kolich*, 273 B.R. at 203–206. There is no dispute in this case that the consensual mortgage lien held by Wells Fargo should be included in the formula. According, this court finds that the holding in *Kolich* does not apply.

Based on the above, this court will apply the formula to avoid one judicial lien at a time until there is no further impairment, in the following order of priority: 1) Capital One Bank, USA, NA ("Capital One"); 2) Worldwide Asset Purchasing, LLC ("Worldwide Asset Purchasing"); 3) Federated Financial; 4) Persolve, Inc. ("Persolve"); 5) Chase Bank, USA, NA ("Chase Bank"); and 6) Community General Hospital. Accordingly, the Code section 522(f) calculation for the most junior lien, held by Capital One, is as follows:

(i) The Capital One lien sought to be avoided is $3,667.80.

(ii) All other liens on the property total $71,577.39, which includes the other five judicial liens as well as the mortgage lien.

(iii) The amount of Debtors' homestead exemption is $100,000.00.

The sum of the above figures is $175,245.19. The value of the property is $159,877.00. Therefore, the sum of the liens and the exemptions exceeds the value of the property by $15,368.19, and the exemption is impaired to that extent. Since extent of the impairment ($15,368.19) exceeds the value of the judicial lien ($3,667.80), the judicial lien held by Capital One is avoided in its entirety.

The calculation of the second-most junior lien, held by Worldwide Asset Purchasing, is as follows:

(i) The Worldwide Asset Purchasing lien sought to be avoided is $11,248.49.

(ii) All other liens on the property total $60,328.90, which includes the remaining four judicial liens and the mortgage lien, but excludes the Capital One lien already avoided.

(iii) The amount of Debtors' homestead exemption is $100,000.00.

The sum of the above figures is $171,577.39. The value of the property is $159,877.00. Therefore, the sum of the liens and the exemptions exceeds the value of the property by $11,700.39, and the exemption is impaired to that extent. Since the extent of the impairment ($11,700.39) exceeds the value of the judicial lien ($11,248.49), the judicial lien held by Worldwide Asset Purchasing is avoided in its entirety.

The calculation of the third-most junior lien, held by Federated Financial, is as follows:

(i) The Federated Financial lien sought to be avoided is $7,612.22.

(ii) All other liens on the property total $52,716.68, which includes the remaining three judicial liens and the mortgage lien, but excludes the Capital One and Worldwide Asset Purchasing liens already avoided.

(iii) The amount of Debtors' homestead exemption is $100,000.00.

The sum of the above figures is $160,328.90. The value of the property is $159,877.00. Therefore, the sum of the liens and the exemptions exceeds the value of the property by $451.90, and the exemption is impaired to that extent. Since the value of the judicial lien ($7,612.22) exceeds the extent of the impairment ($451.90), the judicial lien held by Federated Financial is avoided to the extent of the impairment only, i.e., $451.90, and the lien remains intact as to the remaining balance of $7,160.32.

Debtors' motion to avoid liens is denied as to the remaining three judicial liens held by Persolve, Chase Bank, and Community General Hospital, as they do not impair Debtors' homestead exemption. Debtors' counsel is directed to submit an order avoiding liens in accordance with this memorandum-decision.

Dated: June 30, 2009
      Syracuse, New York

Hon. Margaret Cangilos-Ruiz
United States Bankruptcy Judge